## Case No. 11,706.

### In re REPUBLIC INS. CO.

[8 N. B. R. 317.] [1]

District Court, N. D. Illinois. 1873. [2]

BANKRUPTCY — ATTORNEY — AUTHORITY TO ACT — RATIFICATION—LACHES.

1. Where a person authorized, appears as an attorney for an individual or corporation, in answer to a rule to show cause, and waives important rights of the alleged bankrupt, as admitting the allegations of the petition, the proceedings in bankruptcy may be set aside upon the application of such alleged bankrupt. But this motion must be made within a reasonable time after notice thereof, or it will be held waived, and the authority of the attorney, by such silence, ratified.

2. Where stockholders of an insolvent insurance company, under the above circumstances, wait six months—until several hundred thousand dollars of assets have been collected and are ready for distribution—and they are themselves sued for their pro rata of unpaid stock: *Held*, they have been guilty of laches and will not be heard.

A petition was filed by Levi Z. Leiter and other stockholders to set aside the whole bankruptcy proceedings against the Republic Insurance Co. After hearing the petition read, the judge, before hearing any arguments, expressed his opinion on the merits of the case.

[For the prior proceedings in this case, see note to Case No. 11,704.]

Before BLODGETT, District Judge, and HOPKINS, District Judge.

BLODGETT, District Judge. It appears to me that there is nothing in this petition. A petition is filed by the attorneys of the company, who come into court and appear for the respondent. and consent to the adjudication. Now I cannot go behind that, six months after the adjudication is entered, and after the court has entered upon the administration of the assets of the company, and after several hundred thousand dollars of the assets have been collected by the officers of the court, and which is now ready for distribution. I do not say if these parties had moved at once to set aside these proceedings on the ground they have set forth in

1 [Reprinted by permission.]
2 [Affirmed in Case No. 8,227.]

this petition. but that the motion would have been entertained by the court. They should have acted when the petition was sustained and the election of the assignees had taken place. But after waiting six months, and after there is danger that the proceedings for the collection of the money from them will be enforced. then to commence proceedings of this kind, I think it comes too late. Hopkins, District Judge, held, in the Case of the Great Western Telegraph Co., on an adjudication of bankruptcy it is not necessary that every stockholder should be in favor of that adjudication, especially a stockholder from whom a collection was liable to be made. And if such stockholder had any exception to take, or any objections to make to the proceedings by which the corporation was adjudicated a bankrupt, he should make them without delay. He held, that upon the order making the assessment they were before the court; that they knew of the stockholders' claims. So is this case. The stockholders of the Republic Insurance Co. must have known —they do not say they did not know—of this adjudication. They were bound to know it, and the records of this court showed it. I do not think it lies in their mouths to say they did not know.

The court must take judicial notice of its own records. This corporation was unable to pay its debts and became insolvent by the fire of October 9, 1871, by which it sustained losses which it was then presently unable to pay. It called a meeting of its executive committee, or its directors. and made a proposal to its creditors to pay a certain proportion—about twenty-five per cent.—down, and the balance in six, nine, and ten months, for which they gave their promissory notes. They did pay the cash payment, and, perhaps, paid the second payment. After that it made a default as to the third payment, because it had no funds wherewith to meet this installment. Before the time of making this compromise with its creditors the corporation made a call upon its stockholders, and directed a collection of sixty per cent. of its outstanding capital. It directed suits to be brought against various stockholders of the company. They resisted the collection by various irregularities and technical objections, which they interposed to the payment of their assessments. The company was defeated in Iowa, Minnesota, Wisconsin, and in some of the courts of this state. The law's delay was put in force to the full extent to baffle and hinder the collection of this call, and for that reason a part of the second installment was never paid, and when it came due the company had no funds. Upon that default. and from various allegations in the petition which I deem acts of bankruptcy, the company was ruled to show cause why it should not be declared a bankrupt. This rule was duly served, and then the mere lapse of time for the return day of the rule was waived, and the company admitted the acts

of bankruptcy charged. I think it would be competent for a corporation or an individual against whom a petition was filed, where the attorney for such corporation or individual assumed to appear and give any waiver of time or anything else, and to admit the charge brought against it, to appear within any reasonable time and move the court to have the proceedings set aside. But they must appear promptly to show that they are standing upon their rights.

[The judgment of this court was affirmed by the circuit court, where it was taken by petition of review. Case No. 8,227.]